**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-02209-CMA

TRACY S. CORMIER,

   Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

   Defendant.

---

**ORDER AFFIRMING ALJ'S DECISION
DENYING SOCIAL SECURITY BENEFITS**

---

This matter is before the Court on review of the Commissioner's decision to deny Plaintiff Tracy S. Cormier's ("Plaintiff") application for social security disability benefits under Titles II and XVI of the Social Security Act. Jurisdiction is proper under 42 U.S.C. § 405(g).

## I.   BACKGROUND

In December 2010, Plaintiff applied for disability insurance benefits. Plaintiff was born on December 9, 1980, and was 26 years old on her alleged disability onset date of December 1, 2007. (AR 181.)[1] After her initial application was denied, Plaintiff requested a hearing, which was held on January 23, 2013, before an Administrative Law Judge ("ALJ"). (AR 166.)

---

[1] Citations to the Social Security Administrative Record will be to "AR" followed by the relevant page number.

Plaintiff testified that she graduated high school and had some college education. (AR 659.) She is not working, and her last job was as a hostess, waitress, and bartender in 2007. (AR 355.) Plaintiff spends her time caring for her disabled son, cleaning, cooking, and shopping. (AR 265–67.) She can dress, bathe, and use the toilet herself, but there are days her "body hurts" when doing so. (AR 265.) She reported shopping for food, household items, and clothes when she needs it, averaging about forty-five minutes to shop for household items and two hours to shop for clothing. (*Id.*)

Plaintiff alleges that she suffers from fibromyalgia, migraine headaches, spinobifida, curvicure of the spine, possible stroke, and allergies. (AR 257.) She is obese, weighing 220.8 pounds and is sixty inches tall. (AR 355.) She smokes approximately five cigarettes daily and drinks alcohol occasionally. (*Id.*) Plaintiff testified that she uses inhalers once or twice a day during allergy season, and once or twice a week when it is not allergy season. (*Id.*)

On February 7, 2013, the ALJ issued an unfavorable decision, denying benefits. (AR 166–178.) In applying the five-step sequential evaluation process outlined in 20 C.F.R. §§ 404.1520 and 416.920 to determine whether Plaintiff was disabled, the ALJ determined that:

> 1. Plaintiff has not engaged in substantial gainful activity since December 15, 2010, the application date. [Step 1]
> 2. Plaintiff has the following severe impairments: morbid obesity and migraines. [Step 2]

    3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Step 3]

    4. Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b). She can lift 20 pounds occasionally and 10 pounds frequently; stand and/or walk for at least six hours total in an eight-hour workday; and sit for at least six hours total in an eight-hour workday. Plaintiff is able to climb rams and stairs occasionally, but should avoid climbing ladders, scaffolds, and ropes, and should avoid all exposure to the following hazards or activities: unprotected heights. [Step 4]

    5. Plaintiff has no past relevant work. [Step 5]

The Appeals Council denied Plaintiff's request for review. (AR 4–7.) On August 7, 2014, Plaintiff filed her appeal of the Commissioner's final decision. (Doc. # 1.) Plaintiff filed her opening brief on December 15, 2014; the Commissioner responded on February 11, 2015, and Plaintiff replied on March 5, 2015. (Doc. ## 11, 14, 19.)

## II. STANDARD OF REVIEW

This Court's review of the ALJ's determination is limited to determining whether the ALJ's decision is supported by substantial evidence and whether the Commissioner—through the ALJ—applied the correct legal standards. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance. *Wall*, 561 F.3d at 1084. In reviewing the record and the arguments of counsel, the Court does not reexamine the issues *de novo*, *Sisco v. United States Department of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993), nor does it re-weigh the evidence or substitute its judgment for that of the

Commissioner, *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  Thus, even when some evidence may have supported contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo*."  *Oldham v. Astrue*, 509 F.3d 1254, 1257–58 (10th Cir. 2007).

## III. ANALYSIS

The Court will address, in turn, Plaintiff's four arguments in support of her contention that the ALJ committed errors in rendering his decision: (1) the ALJ's conclusions are not supported by substantial evidence; (2) the ALJ failed to consider all of Plaintiff's impairments in combination; (3) the ALJ improperly assessed Plaintiff's credibility; and (4) the ALJ failed to adequately develop the record.

### A. WHETHER THE ALJ'S CONCLUSIONS ARE SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff first alleges the ALJ erred when he minimized her complaints of pain and loss of function.  The ALJ stated that despite not finding fibromyalgia as a medically determinable impairment, "in making the findings of fact set forth below about the claimant's residual functional capacity, I have considered the claimant's complaints of chronic pain."  (AR 168.)  In considering Plaintiff's RFC, the ALJ took into account Plaintiff's complaints of pain, but, as discussed below, found that Plaintiff was not credible.  Thus, the ALJ did not minimize Plaintiff's complaints of pain, but rather fully considered them in his assessment.

Next, Plaintiff argues the ALJ erred when he minimized her subjective complaints of depression without conducting the analysis required by *Luna v. Bowen*, 834 F.2d 161

4

(10th Cir. 1987). *Luna* set out the following framework for the proper analysis of the evidence of allegedly disabling pain:

> (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Kepler v. Chater*, 68 F.3d 387, 390 (10th Cir. 1995) (citing *Luna*, 834 F.2d at 163–64). However, Plaintiff testified that she is depressed, not that she has disabling pain due to her depression. (AR 676.) As such, *Luna* is inapplicable. Nonetheless, the ALJ specifically stated, "the medical records do not document a diagnosis of depression, nor has the claimant complained to her treating sources of significant or persistent depressive symptoms." (AR 169.) Accordingly, the ALJ did not err in determining depression was not a severe impairment.

Third, Plaintiff contends the ALJ erred because he improperly disregarded the diagnosis and conclusions of multiple treating physicians.

The ALJ is required to weigh every relevant medical opinion he receives using all factors in 20 C.F.R. § 404.1527(c). However, the ALJ is not required to supply a formalistic recitation of all the factors. *Oldham*, 509 F.3d at 1258. The ALJ did not accord the treating source opinions "controlling weight" because the opinions were "not consistent with the other substantial evidence in the record." *See* 20 C.F.R. § 404.1527(c)(4) (consistency). He gave the opinion of Dr. Ketelhohn, the State Agency physician, more weight than the treating source opinions because Dr. Ketelhohn presented more relevant supporting evidence and provided more satisfactory supporting

5

explanations.  *See* 20 C.F.R. § 404.1527(c)(3)–(4) (supportability; consistency).  The ALJ gave the opinion of Dr. Karandikor, the consultative physician, more weight than Dr. Ketelhohn's opinion because Dr. Karandikor is a specialist in the field of Plaintiff's particular impairment, presented more relevant supporting evidence, and provided more satisfactory supporting explanations.  *See* 20 C.F.R. § 404.1527(c)(3)–(5) (supportability; consistency; and specialization).  The ALJ considered the relevant factors in deciding the weight to be accorded to the medical opinions and provided sufficient reasons for the weight he gave to those medical opinions.  *See Oldham*, 509 F.3d at 1258.  Thus, the ALJ did not err in weighing the relevant medical opinions.

Plaintiff's assertion that the ALJ "indicated at the hearing that obesity could not be considered as an impairment," merits no further analysis because, in his decision, the ALJ explicitly recognized obesity as a severe impairment.  (AR 168.)

**B.     WHETHER THE ALJ CONSIDERED PLAINTIFF'S IMPAIRMENTS IN COMBINATION**

Plaintiff argues that the ALJ failed to consider the combined impact of her impairments.  Specifically, she contends her multiple impairments support a diagnosis of fibromyalgia.  She further alleges that when her problems are considered in their totality, "they mandate a conclusion that [she] was unemployable during the relevant time period."

In determining whether an individual's impairment is of a sufficient medical severity, the Commissioner must consider the combined effect of impairments that may not be severe individually, but which in combination may constitute a severe medical disability.  42 U.S.C.A. § 423(d)(2)(B) (2004); *Hargis v. Sullivan*, 945 F.2d 1482, 1491

6

(10th Cir. 1991).  The Court must "take a lower tribunal at its word when it declares that it has considered a matter."  *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)).

In the instant case, the ALJ's opinion reflects that he adequately considered the combined effect of Plaintiff's impairments.  The ALJ extensively discussed Plaintiff's obesity in combination with her other impairments, migraine headaches, and chronic pain in her back and entire body.  (AR 173–74.)  The ALJ specifically stated, "I have considered all the medical evidence that has been submitted, and conclude that [Plaintiff's] impairments, singly, and in combination, do not preclude light exertion work within the residual functional capacity."  (AR 173.)  The Court must take the ALJ at his word, i.e., the ALJ properly considered the cumulative effect of Plaintiff's impairments.

**C.   WHETHER THE ALJ REASONABLY FOUND THAT PLAINTIFF'S COMPLAINTS WERE NOT ENTIRELY CREDIBLE**

Plaintiff contends that the ALJ improperly assessed Plaintiff's credibility and that the record contains substantial evidence that supports her allegations.

"[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence."  *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2011) (quoting *Kepler v. Chater*, 68 F.3d 387, 390–91 (10th Cir. 1995)).  Provided the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference.  *Id.* at 910; SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996) (ALJ's decision "must contain specific reasons for the finding on credibility, supported by evidence in the case record").  Because the

determination of credibility is left to the ALJ as the finder of fact, that determination is generally binding on a reviewing court.

In the instant case, the ALJ concluded that multiple inconsistencies in the record undermined Plaintiff's credibility.  For instance, the ALJ noted that Plaintiff's complaints were inconsistent with her activities (AR 171–72); Plaintiff had given inconsistent statements about her limitations (AR 172–73); there was evidence that Plaintiff exaggerated her symptoms (AR 173); and that the medical evidence was inconsistent with Plaintiff's complaints (AR 173–74).  The ALJ supported his findings with citations to the record.  Because the ALJ linked his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference.  Further, the ALJ's credibility finding was not a "boilerplate" conclusion without any supporting evidence. *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004).  Rather, the ALJ properly considered objective and subjective factors and gave ample supporting reasons for his credibility determination.  *See* 20 C.F.R. § 404.1529 (discussing how ALJs evaluate symptoms).

Lastly, Plaintiff argues that she was being candid when she testified she improved and could stand for fifteen minutes despite answering a written query that she could only stand for five minutes.  Thus, she argues that the ALJ should not have "determined that she was lying to gain benefits of which she was not entitled."  The ALJ did not find she was lying, but rather that her statements were inconsistent. Additionally, the ALJ clearly and affirmatively linked his adverse determination of Plaintiff's credibility to substantial record evidence indicating the inconsistencies, and

the Court is precluded from reweighing the evidence or substituting its judgement for that the of ALJ.  *See Wall*, 561 F.3d at 1070.

**D.      WHETHER THE ALJ ADEQUATELY DEVELOPED THE RECORD**

Lastly, Plaintiff argues that the ALJ denied her an "in person hearing" when the ALJ denied her adequate time to present her case and denied her request for an extension of time to obtain and produce relevant and important evidence.  Because the Plaintiff was present at the benefits hearing held on January 23, 2013, she was not denied an in-person hearing.  Additionally, the ALJ adequately developed the record.

**1.      Brevity of the Hearing**

First, Plaintiff contends the ALJ failed in his duty to fully develop the record due to the brevity of the hearing.

Because a Social Security disability hearing is a nonadversarial proceeding, the ALJ has a basic duty of inquiry "to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts."  *Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir. 1993).  This duty to develop the record pertains even if the claimant is represented by counsel.  *See Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (duty heightened when claimant is unrepresented).  The length or brevity of a benefits hearing, however, is not dispositive of whether the ALJ has met his obligation to adequately develop the record.  *Id.*  "[T]he more important inquiry is whether the ALJ asked sufficient questions to ascertain (1) the nature of a claimant's alleged impairments; (2) what on-going treatment and medication the claimant is

receiving; and (3) the impact of the alleged impairment on a claimant's daily routine and activities." *Id.* at 1375.

The transcript of the hearing demonstrates that Plaintiff answered questions about what has prevented her from working, her current condition and alleged impairments, whether she is taking any medication for her alleged impairments, her daily routine, and the impact of the alleged impairments on certain activities, such as writing, typing, and exercising. Thus, despite the alleged brevity of the benefits hearing, the ALJ has met his obligation to adequately develop the record.

### 2. Extension of Time

Second, Plaintiff contends the ALJ did not adequately develop the record because he denied Plaintiff's request for an extension of time to obtain and file evidence that did not exist at the time of the hearing.

"Under 20 C.F.R. §§ 404.970(b) and 416.1470(b), the Appeals Council must consider evidence submitted with a request for review if the additional evidence is (a) new, (b) material, and (c) related to the period on or before the date of the ALJ's decision." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (citations and internal quotation marks omitted). Evidence is material to the determination of disability if there is a reasonable possibility that it would have changed the outcome. *Lawson v. Chater*, 83 F.3d 432, *2 (10th Cir. 1996). "Whether evidence qualifies as new, material, and chronologically relevant is a question of law subject to [the Court's] *de novo* review. If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision. If the evidence does qualify and the Appeals Council

considered it in connection with the claimant's request for administrative review (regardless of whether review was ultimately denied), it becomes part of the record we assess in evaluating the Commissioner's denial of benefits under the substantial-evidence standard.  Finally, if the evidence qualifies but the Appeals Council did not consider it, the case should be remanded for further proceedings." *Chambers*, 389 F.3d at 1142.

Plaintiff submitted to the Appeals Council new medical evidence from Physiotherapy Associates (AR 8), University of Colorado Hospital (AR 90), and Dr. Fine (AR 116).  The Appeals Council reviewed the additional evidence dated November 12, 2013 to January 16, 2014, from Physiotherapy Associates.  It determined that because the ALJ decided Plaintiff's case through February 7, 2013, the new information did not affect the ALJ's decision about whether she was disabled beginning on or before February 7, 2013.  The Court agrees.  However, the Appeals Council did not consider the records from the University of Colorado Hospital dated December 18, 2012 through October 30, 2013,[2] or the records from Dr. Andy Fine beginning February 20, 2013. The evidence from Dr. Fine and from the University of Colorado Hospital dated February 7, 2013 to October 30, 2013, relates to a period after the date of the ALJ's decision; thus, the Court will not consider this evidence because it is irrelevant.

The evidence from the University of Colorado Hospital dated December 18, 2012, however, is new and chronologically relevant.  The evidence consists of progress

---

[2] Plaintiff states the records of the University of Colorado Hospital are from January 30, 2011 through January 20, 2012. (Doc. # 19, 10.)  However, the Administrative Record lists the dates of service from the University of Colorado Hospital as December 18, 2012 to October 30, 2013.  (AR 90.)  Thus, the Court lists the actual dates from the record.

notes from Plaintiff's visit for a physical examination with Dr. Meier at the University of Colorado Hospital.  (AR 91–94.)  The progress notes list Plaintiff's reason for referral and history of present illness, past medical history, medications, allergies, social history, review of systems, PQRI measures, and the results from a physical examination.  In completing the physical examination, Dr. Meier evaluated Plaintiff's head, eyes, ear, nose, throat, neck, heart, lungs, abdomen, skin, extremities, and musculoskeleton.

In her application for disability benefits, Plaintiff alleged that she suffers from fibromyalgia, migraine headaches, spinobifida, curvicure of the spine, possible stroke, and allergies.  The physical examination conducted by Dr. Meier did not specifically relate to any of Plaintiff's alleged impairments.  Because Dr. Meier's examination of Plaintiff did not specifically relate to or address Plaintiff's alleged impairments, there is no reasonable possibility that it would have changed the outcome of the ALJ's decision.  Thus, the evidence from the University of Colorado Hospital dated December 18, 2012, is not material.

Accordingly, the ALJ has met his obligation to adequately develop the record.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that the ALJ's decision is AFFIRMED. Each party shall bear its own costs and attorney's fees.

DATED: April __28__, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge